IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| OMEGA PROTEIN, INC., AS § <br> OWNER OF FISHING VESSEL § <br> HELGE HOVLAND, FOR § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CAUSE NO. 1:09CV640 LG-RHW |

consolidated with

| | |
|---|---|
| SANDRA WALKER, INDIVIDUALLY; § <br> SANDRA WALKER, AS THE § <br> ADMINISTRATRIX OF THE ESTATE § <br> OF WILLIE BOGGS, JR., DECEASED § <br> and SANDRA WALKER, FOR AND § <br> ON BEHALF OF ALL WRONGFUL § <br> DEATH HEIRS OF WILLIE J. § <br> JR., DECEASED § <br> § <br> v. § <br> § <br> § <br> OMEGA PROTEIN, INC. § | CLAIMANTS <br><br><br><br><br><br><br><br><br><br> CAUSE NO. 1:09CV392 LG-RHW <br><br> DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Partial Summary Judgment [54] filed by Omega Protein, Inc. There was no response filed. After due consideration of the Motion and the relevant law, the Court finds that the Motion should be granted in part and denied in part.

FACTS AND PROCEDURAL HISTORY

This case involves a claim by the survivor of a maritime worker, Willie Boggs, Jr., as well as the fishing vessel owner's request for exoneration. According to the Complaint for Exoneration, the fishing vessel HELGE HOVLAND was in navigable

waters in the Gulf of Mexico, off the coast of Mississippi, on the morning of June 1, 2009. While the vessel was pulling her purse boats onto the stern of the vessel, the steamer's ammonia system relief valve discharged. In order to avoid the ammonia released, Boggs, 23, and one other crewmember jumped off one of the purse boats into the water. The other crewmember was retrieved, but Boggs drowned. The Complaint filed by Boggs' survivor similarly states that he was caused to fall from the vessel and was killed. The limitation proceeding and survivor's suit have been consolidated.

The owner of the fishing vessel, Omega Protein, Inc., requests dismissal of all claimants who are not the personal representative of Willie Boggs, on the grounds that only the personal representative is the proper party to bring an action against Omega. Omega also requests dismissal of all claims for non-pecuniary damages, as they are unavailable under the Jones Act and general maritime law.

## DISCUSSION

The Legal Standard:

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). As already noted, Walker has not submitted any argument or evidence in opposition to Omega's Motion. Nevertheless, Omega has the

burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

The Proper Party:

Boggs' mother, Sandra Walker, brought a wrongful death action under the Jones Act, 46 U.S.C. § 68, and the general maritime law. In *Moragne v. States Marine Line, Inc.*, 398 U.S. 375 (1970), the Supreme Court created a nonstatutory action for wrongful death under the general maritime law. The Fifth Circuit subsequently held that the threshold issue in bringing this type of suit is standing. *Tidewater Marine Towing, Inc. v. Dow Chem. Co., Inc.*, 689 F.2d 1251, 1253 (5th Cir. 1982). In order to have standing, the claimant must be the decedent's personal representative, "appointed by appropriate state authority." *Id.*

Omega argues that there is no evidence that Sandra Walker is the decedent's personal representative. At the time the Motion was filed, this was true. However, in connection with a Motion to Substitute Party in this case, Walker submitted an Order appointing her Administratrix of Boggs' estate, entered November 1, 2010, by the Stone County Chancery Court. The Motion to Substitute Party has been granted. "Substitution of the personal representative is essential and authorized" and the amended claim relates back to the time of the original claim. *Id.* Thus, it appears that Walker is now a proper party plaintiff in this suit. Omega is not entitled to summary

judgment on the basis of standing.

Non-Pecuniary Damages:

Omega states that Walker has requested both pecuniary and non-pecuniary damages on behalf of herself and the other wrongful death beneficiaries. The specific damages requested are: 1) past, present and future wage loss and loss of wage earning capacity; 2) medical and burial expenses; 3) loss of the love, affection and companionship of the deceased; and 4) past and future loss of enjoyment of life.

Omega argues that recovery for wrongful death of a seaman is limited to pecuniary damages, whether the claim is brought pursuant to the Jones Act or general maritime law. In particular, Omega objects to any mental anguish/physical pain or lost income damages. Omega cites to the Supreme Court's decision in *Miles v. Apex Marine Corporation*, 498 U.S. 19 (1990), where it held that "[t]he Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss." *Miles*, 498 U.S. at 32. The Fifth Circuit has concluded that *Miles* also bars recovery of nonpecuniary losses in general maritime actions alleging personal injury. *Guevara v. Maritime Overseas Corp.*, 34 F.3d 1279, 1283 n.7 (5th Cir. 1994).

Nevertheless, in a wrongful death action under general maritime law, the decedent's dependents may recover damages for harms they personally suffered resulting from the decedent's death, including loss of support, services, and funeral expenses. *See Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 814-15, 39 L.Ed.2d 9 (1974); *see also Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084,

1092-1093 (2d Cir.1993); *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893 (5th Cir.1984). Although Walker did not respond to Omega's Motion, she has filed other documents in this case suggesting she was financially dependent on Boggs for support.[1] Walker may recover for the support and services of Boggs if she can show actual financial dependence on her child or the "anticipat[ion][of] future pecuniary benefits from support or services to be rendered to [her] by [her] deceased son." *Neal v. Barisich, Inc.*, 707 F. Supp. 862, 868-70 (E.D. La.), *aff'd*, 889 F.2d 273, 1989 WL 131507 (5th Cir. 1989) (table). Therefore, this category of damages is not completely foreclosed to her.

On the other hand, grief, bereavement, mental anguish, loss of society and consortium are non-pecuniary damages and are not recoverable. *In re Amer. River Transp. Co.*, 490 F.3d 351, 356 (5th Cir. 2007) ( no survivor of a seaman - whether dependent or not - can recover damages for loss of society in a *Moragne* wrongful death action); *also see generally*, Thomas J. Shoenbaum, *Admiralty & Maritime Law* § 8-3, 484 (3d ed. 2001).

Further, in regard to Walker's claim for lost wages and wage earning capacity, the Fifth Circuit stated,

> since Jones Act survival claims do not extend to the decedent's lost wages, uniformity of maritime law is not served by allowing such an action under the general maritime law. We conclude that the general maritime law does not permit a survival action for the deceased's lost future wages.

---

[1] Her Complaint contains no allegation that she was financially dependent on Boggs.

*Miles v. Melrose*, 882 F.2d 976, 987 (5th Cir. 1989).

Thus, of the categories of damages requested by Walker, Omega has shown that she will not be able to recover loss of society, loss of consortium, and past and future loss of enjoyment of life. To that extent, Omega's Motion for Partial Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [54] filed by Omega Protein, Inc. is **GRANTED** in regard to Sandra Walker's claims for damages for loss of society, loss of consortium, and past and future loss of enjoyment of life. The Motion is **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE